PROVOSTY, J.
The Urban Company, Limited, being insolvent, its president, C. P. Borah, and one of its creditors, M. Bell, entered into an arrangement by which M. Bell should buy up the claims against the company, except that of the plaintiff, and should bring a suit which by the connivance of the Urban Company, Limited, would be brought to judgment as quickly as possible, in order that by a seizure under it there should be secured for the claims thus bought up,- and that of M. Bell, a seizing creditor’s privilege on the property of the Urban Company, Limited, entitling said claims to be paid by preference over the claim of the plaintiff out of the proceeds of the sale of the property. The underlying motive of this scheme was that C. P. Borah, president of the Urban Company, had made himself personally liable on the debts for which a preference was thus to be secured. The scheme was carried out, up to the point of the making of a seizure. At that stage of the proceedings, the Bank of Patterson brought the present suit. The foregoing facts are alleged, and an attachment of the same property is prayed. It is denied that an actual seizure was made. It is alleged that the judgment and the proceedings under it are null and void; and the prayer is that the company and Borah and Bell be cited, and that the said judgment *1026 and pretended seizure be annulled, and tbe property attached be sold, and the claim of the petitioner be paid by preference out of the proceeds of the sale.
A few days thereafter the plaintiff, by supplemental petition, obtained an injunction against any further proceedings under the alleged fraudulent seizure.
The Urban Company moved to dissolve the attachment, and the motion was fixed for trial. On the day of the trial M. Bell filed a motion to dissolve both the injunction and the attachment. The case was tried on the motion to dissolve the attachment, and the attachment was dissolved. It is said that the attorneys of M. Bell did not take part in the trial. That statement is true of the attorneys whose names are signed to the pleadings of M. Bell, but these attorneys had merely lent their names, and the real attorneys were those of C. F. Borah, who was the real party in interest. On appeal to this court (38 South. 561) the judgment dissolving the attachment was set aside and the attachment was reinstated. The case was then tried at one and the same time on the merits and on the motion to dissolve the injunction, and judgment was rendered in favor of plaintiff maintaining the attachment, perpetuating the injunction, annulling the judgment and seizure in the Bell suit in so far as creating a privilege upon the property attached, decreeing that plaintiff.’s claim be paid by preference out of the proceeds of the sale of the property, and condemning the defendants, the Urban Company, Limited, C. F. Borah, and Mathew Bell, in solido, to pay the costs of suit.
From that judgment the defendants, Borah and Bell, have appealed, and they contend that they have been improperly condemned to pay the costs of the attachment.
We think otherwise. The suit was a unity, and was equally against all three defendants, who by their acts had made it necessary. The judgment in the entire suit, and in every part of it, is against all three, and judgment carries costs. Moreover, it is not so clear that defendants are not liable for the costs under the doctrine that persons who assist an insolvent debtor to defraud a creditor are liable to the latter in solido for whatever loss or damage their unlawful act may have entailed upon him.
It is suggested that, since the appeal was taken, the property attached has been sold, and that the costs in question have been paid out of the proceeds of the sale, by direction of the plaintiff’s counsel; and that, therefore, the judgment has been satisfied, and there is nothing now for the court to adjudicate. The only matter involved in the present suit is the correctness vel non of the judgment rendered. What may happen hereafter in the course of the execution of the judgment is not a matter of present concern.
Judgment affirmed.